## Muzzy v. Hotelling

*Thomas W. Barber* and *Joseph C. Barber*, for plaintiff.

*Edward E. Petrillo*, for defendant.

EVANS, P. J., July 24, 1952.—This matter is before the court on a bill in equity seeking a decree to the effect that defendant holds a one-third interest in the James T. Barron Company, a partnership, as trustee for the plaintiff. Also is sought an order for an accounting of earnings and moneys received by defendant from the partnership since January 3, 1949.

From the pleadings and testimony we make the following

*Findings of Fact*

1. Plaintiff is a resident of the City of Oakland, Calif.

2. Defendant is a resident of the City of Erie, Pa.

3. James T. Barron Company is a partnership with its place of business located at 859 East Tenth Street, Erie, Pa.

4. In the summer of 1948 this partnership was owned equally by James T. Barron, Howard Miller and Joseph Dill.

5. At that time defendant was an employe of the James T. Barron Company.

6. During the summer of 1948 defendant informed plaintiff that he had an opportunity to purchase the one-third interest in the partnership belonging to Howard Miller but was without sufficient funds to do so.

7. After investigation plaintiff agreed with defendant to furnish funds for the purchase of the Miller interest.

8. Plaintiff and defendant entered into an oral agreement whereby plaintiff was to raise necessary cash funds to purchase the one-third interest of Howard Miller which was to be purchased in the name of defendant in trust for plaintiff.

9. Plaintiff agreed to reassign one half of this equitable interest in the partnership to defendant when and if defendant paid him one half of the purchase price thereof, with interest at six percent until the time of the payment.

10. An indefinite understanding was had between the parties that at some future time plaintiff would, upon satisfactory terms to be agreed upon, transfer his remaining beneficial interest to the defendant.

11. Defendant entered into an agreement with Howard Miller for the purchase of his interest for the sum of $5,750 and notified plaintiff in California to that effect.

12. Plaintiff, by cashing savings account, government bonds, and by a personal loan, accumulated and forwarded on December 17, 1948, to defendant the sum of $5,600.

13. Defendant furnished the balance of purchase price in the amount of $150.

14. Defendant purchased the one-third interest of Howard Miller and entered into a partnership agreement with James T. Barron and Joseph Dill providing inter alia that no partner would sell his interest to anyone except to the other partners.

15. James T. Barron and Joseph Dill did not know of and did not consent to the trust arrangement entered into by and between plaintiff and defendant which was contrary to the terms of their written agreement.

16. Plaintiff did not know of the partnership contract which by its provisions precluded him of beneficial ownership therein.

17. Defendant has not accounted to plaintiff in any way for moneys earned or received by him as the holder of legal title to the one-third interest purchased from Howard Miller.

## Discussion

Defendant was an employe of the James T. Barron Company without funds to take advantage of an opportunity to purchase a one-third interest in the business. Plaintiff, who is a brother of defendant's mother-in-law, while on a visit to Erie from his home in California became interested in the prospects of the business and the possibilities of his earning larger amounts upon the limited funds he had than could be obtained otherwise. By the arrangement set forth in our findings of fact, he made it possible for himself and defendant to obtain mutual financial advantages. Defendant testified that the money was secured as a loan only and that he sent a note to plaintiff in the sum of $5,750 as evidence of that fact. This amount was not correct under the defendant's testimony as to the contract, but defendant says the excess of $150 was included by mistake. However, that procedure was followed at the suggestion of defendant's lawyer because at the time the note was sent plaintiff had nothing to show that he had forwarded the money needed. Plaintiff and defendant had originally agreed that defendant would purchase the interest in the name of plaintiff who, upon receipt of a written memorandum to that effect, would execute a power of

attorney which would make it possible for defendant to conduct the business, he being a resident of Erie.

We are convinced that plaintiff's version of the transaction is true. In addition to the testimony concerning various phases of the transaction, we are convinced that plaintiff would not have traveled at his own expense from Oakland, Calif., to Russell, Kan., in order to borrow through the assistance of his daughter and son-in-law the amount of $1,200 to assist him in raising the amount forwarded. He would not, for the purpose of securing to himself a less secure investment, undergo an expense which could not be made up by a higher rate of interest for many years.

Defendant argues that notwithstanding any conclusions which we might reach with respect to the agreement between plaintiff and defendant, we cannot declare a trust and require an accounting because under the Partnership Act of March 26, 1915, P. L. 18, 59 PS §51, no person can become a member of a partnership without the consent of all the partners. With this we do not agree. Defendant did consent to this arrangement and only by so doing secured the money which was beneficial to him as hereinbefore set forth. By the completed transaction, according to the agreement made, he purchased the interest in his own name and holds it under the trust arrangement. Now that the partnership has been successful he cannot acquire for himself exclusively the benefits which he agreed to share at the time the purchase money was secured. The remaining partners, however, can in no way be prejudiced in their interest by being required to admit plaintiff to the rights, privileges and obligations in the business. It is their option to accept the new partner or refuse to do so. If they refuse, and they have indicated their intention so to do, the Act of 1951, supra, provides means whereby they may termi-

nate the partnership immediately. Defendant has no option in the matter. Plaintiff must protect himself as best he can in the situation which will result. He should have before consummating his agreement with defendant ascertained the remaining partners' wishes and secured from them that which would have protected him.

### Conclusions of Law

1. Defendant holds a one-third interest in the James T. Barron Company, a partnership, as trustee for plaintiff.

2. He is accountable to plaintiff for the moneys received by him from the partnership.

3. Defendant should account for and pay over to plaintiff all moneys received by him as trustee.

4. Defendant should pay the costs.

### Decree

And now, to wit, July 24, 1952, it is ordered, adjudged and decreed:

1. Defendant holds a one-third interest in the James T. Barron Company, a partnership, as trustee for plaintiff.

2. Defendant shall transfer and deliver to plaintiff a declaration of trust for the one-third interest defendant holds in the James T. Barron Company, a partnership.

3. Defendant shall account to plaintiff for all sums received by defendant as registered owner of the one-third interest in the partnership.

Defendant shall pay the costs of this proceeding.

The prothonotary is directed to enter this decree nisi and to give notice to the parties or their counsel of record, of the entry of the decree, and, if no exceptions are filed within 10 days thereafter, the decree shall be entered as the final decree, by the prothonotary, as of course.